**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND, OHIO**

| | |
|---|---|
| Heather Hoffman<br>326 Hammond Ave.<br>Mansfield, Ohio 44902 | :<br>:<br>:<br>:<br>: |
| -and- | : Civil Action No. 1:17-cv-1073<br>: |
| Tina Rutter<br>1229 Pawnee Avenue<br>Mansfield, Ohio 44906 | : JUDGE<br>:<br>: MAGISTRATE JUDGE<br>: |
| -and- | :<br>: **Collective and Class Action Complaint**<br>: |
| Tevin Gomez<br>130 S. Trimble Rd., Apt. 11<br>Mansfield, Ohio 44906 | : **Jury Demand Endorsed Hereon**<br>:<br>:<br>: |
| Individually and on behalf of other members of the general public similarly situated, | :<br>:<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | :<br>: |
| McElvain Group Homes<br>634 McBride Rd.<br>Mansfield, Ohio 44905 | :<br>:<br>:<br>: |
| -and- | :<br>: |
| Kathy McElvain, individually<br>634 McBride Rd.<br>Mansfield, Ohio 44905 | :<br>:<br>:<br>: |
| Defendants. | : |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Heather Hoffman, Tina Rutter, and Tevin Gomez (collectively referred to herein as "Named Plaintiffs"), individually and on behalf of other members of the general public similarly situated, for their complaint against Defendants McElvain Group Homes ("MGH") and Kathy McElvain ("McElvain") (collectively "Defendants") hereby state as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111" or the "Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because the Named Plaintiffs entered into an employment relationship with Defendants in the Northern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Northern District of Ohio, and Defendants have done substantial business in the Northern District of Ohio.

### II. PARTIES

#### A. Plaintiffs

4. Named Plaintiff Heather Hoffman is an individual, United States citizen, and a resident of the State of Ohio living in the Northern District of Ohio.

5. Named Plaintiff Hoffman was employed by Defendants from May 2016 until April 2017.

6. During her employment with Defendants, Named Plaintiff Hoffman worked as a caregiver, or home health aide, but was designated a "home care manager" by Defendants.

7. Named Plaintiff Tina Rutter is an individual, United States citizen, and a resident of the State of Ohio living in the Northern District of Ohio.

8. Named Plaintiff Rutter was employed by Defendants from August 2016 until March 2017.

9. During her employment with Defendants, Named Plaintiff Rutter worked as a caregiver, or home health aide, but was designated a "home care manager" by Defendants.

10. Named Plaintiff Tevin Gomez is individual, United States citizen, and a resident of the State of Ohio living in the Northern District of Ohio.

11. Named Plaintiff Gomez was employed by Defendants from October 2016 until February 2017.

12. During his employment with Defendants, Named Plaintiff Gomez worked as a caregiver, or home health aide, but was designated a "home care manager" by Defendants.

    B. **Defendants**

13. Defendant McElvain Group Homes[1] ("MGH") is a home care staffing agency of direct care workers and provider of residential care for the developmentally disabled.

14. Upon information and belief, Defendant Kathy McElvain ("McElvain") is believed to be the owner of MGH.

---

[1] It is unclear whether MGH is a properly registered foreign or domestic business entity or whether MGH is an unregistered fictitious name. However, Plaintiffs were issued checks from "MCELVAIN HOMES."

Collective Action and Class Complaint – *Hoffman, et al. v. McElvain Group Homes, et al.*
Case No. 1:17-cv-1073
Page 3 of 18

15. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

16. During relevant times as MGH's owner, Defendant McElvain has had operational control over significant aspects of the day-to-day functions of Defendant MGH, including the day-to-day functions of the Named Plaintiffs and those similarly situated.

17. During relevant times, Defendant McElvain has had the authority to hire, fire and discipline employees, including Named Plaintiffs and those similarly situated.

18. During relevant times, Defendant McElvain has had the authority to set rates and methods of compensation of Named Plaintiffs and those similarly situated.

19. During relevant times, Defendant McElvain has had the authority to control the work schedules and employment conditions of Named Plaintiffs and those similarly situated.

20. During relevant times, Defendant McElvain has had ultimate authority and control of employment records.

21. During relevant times, Defendant MGH and Defendant McElvain have mutually benefitted from the work performed by Named Plaintiffs and those similarly situated.

22. During relevant times, Defendant MGH and Defendant McElvain have not acted entirely independently of each other and have not been completely disassociated with respect to Named Plaintiffs and those similarly situated.

23. During relevant times, Defendant MGH and Defendant McElvain shared the services of Named Plaintiffs and those similarly situated.

24. During relevant times, Defendant MGH and Defendant McElvain acted directly or indirectly in the interest of each other in relation to Named Plaintiffs and those similarly situated.

## III. FACTS

25. During her employment with Defendants, Class Plaintiff Hoffman worked as a caregiver, home care manager or home health aide providing companionship services, domestic services, home care, and other in-home services. Class Plaintiff Hoffman regularly worked more than 40 hours per week, but was not paid one and one-half her regular rate for those hours worked over 40.

26. During his employment with Defendants, Class Plaintiff Rutter worked as a caregiver, home care manager or home health aide providing companionship services, domestic services, home care, and other in-home services. Class Plaintiff Rutter regularly worked more than 40 hours per week, but was not paid one and one-half her regular rate for those hours worked over 40.

27. During his employment with Defendants, Class Plaintiff Gomez worked as a caregiver, home care manager or home health aide providing companionship services, domestic services, home care, and other in-home services. Class Plaintiff Gomez regularly worked more than 40 hours per week, but was not paid one and one-half his regular rate for those hours worked over 40.

28. Defendants designated their caregivers/home health aides as "home care managers", even though they perform direct support and in-home care that is non-managerial in nature.

29. Notwithstanding the home care "manager" designation, the Class Plaintiffs' positions were non-exempt at all times.

30. At all times relevant herein, Class Plaintiffs were not exempt from receiving FLSA overtime wage benefits because, *inter alia*, they were not "executive," "computer,"

"administrative," "professional," neither learned nor creative, or "computer" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

31. At all times relevant herein, the Named Plaintiffs were employees of Defendants as defined in the FLSA, O.R.C. Chapter 4111, OPPA, and Ohio Constitution Art. 2 §34a.

32. Subject to the elimination of a previous exemption, the Named Plaintiffs were hourly, non-exempt employees of Defendants as defined in the FLSA, O.R.C. Chapter 4111 and Ohio Constitution Art. 2 §34a. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

33. At all times relevant here, Defendants employed Plaintiffs to this suit as caregivers, or home health aides providing companionship services, domestic services, home care, and other in-home services, to perform non-exempt duties for Defendants.

34. At all times relevant here, it has been Defendants' policy to uniformly misclassify Plaintiffs and other caregivers, home care managers or home health aides providing companionship services, domestic services, home care, and other in-home services, as exempt from federal and state overtime provisions and to not pay such providers any overtime wages.

35. Defendants' policy is to pay Plaintiffs and other home care managers a salary regardless of how many hours per week they worked.

36. Defendants regularly require Plaintiffs and other home care managers to work significantly more than forty (40) hours per week, including but not limited to daytime and overnight shift work for which they were not properly compensated.

37. However, Defendants fail to pay Plaintiffs and other home care managers 1.5 times their regular hourly rates for these hours worked over forty (40) in a workweek.

38. The Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and they have given their written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiffs*, attached hereto as **Exhibit A**).

39. At all relevant times, Defendants are and have been Plaintiffs' "employer" as that term is defined by the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

40. At all times relevant to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

41. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have annual gross volume sales and/or business in an amount not less than $500,000.00.

42. During relevant times, Defendants suffered and permitted the Named Plaintiffs and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates.

43. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

44. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

45. Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages, or, in the alternative, Defendants otherwise failed to keep the required records.

46. By the conduct described in this Complaint, Defendants have violated the FLSA by failing to pay its home care managers, including the Plaintiffs to this suit, overtime wages they have earned and to which they are entitled by law by misclassifying them as exempt when they are non-exempt.

## IV. CLASS ALLEGATIONS

47. The Named Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former employees of Defendants MGH and McElvain who have worked as support associates, caregivers, home health aides, home care managers, or other employees who provided companionship services, domestic services, home care, and/or other in-home services, and who worked over 40 hours in any workweek beginning January 1, 2015 through the date of final disposition of this case, and were not paid time and a half for the hours they worked over 40 (the "216(b) Class" or the "216(b) Class Members").

48. Examples of employees that may be members of the 216(b) Class include, but may not be limited to, caregivers, home health aides, aides, home care managers, and other employees who provided companionship services, domestic services, home care, and other in-home services for Defendants.

49. The 216(b) Class Members were no longer exempt from the FLSA as of January 1, 2015. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

50. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiffs, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendants' company-wide payroll policies and practices. The Named Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

51. The identity of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

52. The Named Plaintiffs bring their Ohio Minimum Fair Wage Standards Act ("MFWSA") claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class:

> All current and former employees of Defendants MGH and McElvain who have worked as support associates, caregivers, home health aides, home care managers, or other employees who provided companionship services, domestic services, home care, and/or other in-home services, and who worked over 40 hours in any workweek beginning January 1, 2015 through the date of final disposition of this case, and were not paid time and a half for the hours they worked over 40 (the "Rule 23 Class" or the "Rule 23 Class Members").

53. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

Collective Action and Class Complaint – *Hoffman, et al. v. McElvain Group Homes, et al.*
Case No. 1:17-cv-1073
Page 9 of 18

54. The Named Plaintiffs are members of the Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

55. The Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

56. The Named Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

57. The Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

58. Questions of law and fact are common to the Rule 23 Class.

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

60. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiffs and the Rule 23 Class as a whole.

61. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

62. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated Chapter 4111 by failing to pay the Rule 23

Class for hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants calculated the Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendants' violations of the Chapter 4111 were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiffs and other members of the Rule 23 Class on account of Defendants' violations of Chapter 4111; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

63. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. The Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

V. **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:
FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

64. All of the preceding paragraphs are realleged as if fully rewritten herein.

65. This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the 216(b) Class.

66. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

67. During the three years preceding the filing of this Complaint, Defendants jointly employed the Named Plaintiffs and the 216(b) Class Members.

68. The Named Plaintiffs and the 216(b) Class Members were uniformly misclassified by Defendants as exempt from federal and state overtime provisions and therefore were not paid any overtime wages for their work as home care managers.

69. Defendants' policy is to pay Plaintiffs and other home care managers a salary regardless of how many hours per week they worked.

70. Defendants regularly required Plaintiffs and other home care managers to work significantly more than forty (40) hours per week, including but not limited to daytime and overnight shift work for which they were not properly compensated.

71. However, Defendants failed to pay Plaintiffs and other home care managers 1.5 times their regular hourly rates for these hours worked over forty (40) in a workweek.

72. The Named Plaintiffs and the 216(b) Class Members regularly worked in excess of 40 hours in workweeks, including but not limited to a significant number of hours during daytime and overnight shift work.

73. Defendants jointly violated the FLSA with respect to Named Plaintiffs and the 216(b) Class by, *inter alia*, failing to compensate them at time and one-half times their regular rates for any hours worked over forty (40) hours in a workweek.

74. The Named Plaintiffs and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits beginning January 1, 2015.

75. Defendants knew or should have known of the overtime payment requirements of the FLSA. Since the January 1, 2015 exemption elimination, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the 216(b) Class Members are entitled.

76. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiffs and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

77. As a direct and proximate result of Defendants' conduct, the Named Plaintiffs and the 216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the 216(b) Class Members.

**SECOND CAUSE OF ACTION:**
**O.R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

78. All of the preceding paragraphs are realleged as if fully rewritten herein.

79. This claim is brought under Ohio Law.

80. The Named Plaintiffs and the Rule 23 Class Members have been jointly employed by Defendants, and Defendants are each an employer covered by the overtime requirements under Ohio Law.

81. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the

exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

82. While jointly employed by Defendants, the Named Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for this time spent working.

83. Defendants' company-wide policy of misclassifying Plaintiffs and other home care managers as exempt and paying them a salary regardless of how many hours per week they worked resulted in unpaid overtime.

84. The Named Plaintiffs and the Rule 23 Class were not exempt from the wage protections of Ohio Law.

85. Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiffs were violations of O.R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the Rule 23 Class Members are entitled.

86. For Defendants' violations of O.R.C. §4111.03, by which the Named Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages, the Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

**THIRD CAUSE OF ACTION:**
**O.R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION**

87. All of the preceding paragraphs are realleged as if fully rewritten herein.

88. During relevant times, the Named Plaintiffs were jointly employed by Defendants.

89. During relevant times, Defendants were entities covered by the OPPA; and the Named Plaintiffs were employed by Defendants within the meaning of the OPPA.

90. The OPPA requires Defendants to pay Named Plaintiffs and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

91. During relevant times, Named Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

92. The Named Plaintiffs and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

93. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION: RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

94. All of the preceding paragraphs are realleged as if fully rewritten herein.

95. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

96. During all times material to this complaint, Defendants were covered employers, and required to comply with the Ohio Wage Act's mandates.

Collective Action and Class Complaint – *Hoffman, et al. v. McElvain Group Homes, et al.*
Case No. 1:17-cv-1073
Page 15 of 18

97. Named Plaintiffs and the Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

98. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiffs and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

99. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiffs request judgment against Defendants, jointly and individually, for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Named Plaintiffs and the putative class and collective members per week, and if Defendants failed to keep accurate records in accordance with Ohio Law, Named Plaintiff, the 216(b) Collective Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to the Named Plaintiffs and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to the Named Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Named Plaintiffs, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiffs, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J. Granting the Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiffs*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)