# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION
## CLEVELAND, OHIO

|  |  |  |
|---|---|---|
| Heather Hoffman, *et al.* | : | |
| | : | |
| | : | |
| | : | |
| Individually and on behalf of other | : | |
| members of the general public | : | Civil Action No. 1:17-cv-1073 |
| similarly situated, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| Plaintiffs, | : | |
| | : | Magistrate Judge Baughman |
| v. | : | |
| | : | |
| McElvain Group Homes, *et al.* | : | |
| | : | |
| | : | |
| Defendants. | : | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL

Defendants McElvain Group Homes and Kathy McElvain ("Defendants") along with Plaintiffs Heather Hoffman, Tina Rutter, Tevin Gomez and Tammy Sand (collectively referred to herein as "Named Plaintiffs") jointly move this Court for approval of the settlement of the above captioned case pursuant to the terms of the Confidential Settlement Agreement and General Release, a copy of which will be provided to the Court under seal[1]. A proposed entry is attached hereto as **Exhibit A** for the purpose of approving the settlement and dismissing this action with prejudice, except to retain jurisdiction for the limited purpose of enforcing the terms of the Settlement Agreement, if necessary.

### I.    Background

---

[1] The parties are jointly moving the Court to file the confidential settlement agreement under seal and will provide the same to the Court once their motion has been granted.

Plaintiffs filed this action in the United States District Court for the Southern District of Ohio, Eastern Division on May 22, 2017 (ECF No. 1). Plaintiffs filed their First Amended Complaint to add Plaintiff Sand on July 7, 2017 (ECF No. 6). Plaintiff's complaint and amended complaint alleged that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime compensation to Plaintiffs and other similarly-situated employees. Defendants filed their Answer to the Amended Complaint on July 21, 2017 (ECF No. 7). The parties prepared and filed their Fed. R. Civ. P. 26(f) Report on August 4, 2017 (ECF No. 11) and exchanged initial disclosures on or around September 8, 2017.

As part of exchanging initial disclosures, Defendants provided Plaintiffs' counsel with detailed wage and payroll records for all of Defendants' employees, including the Plaintiffs, such that damage calculations could be completed. The records detailed every paycheck paid to Plaintiffs and other employees of Defendants going back to the beginning of 2015. These records afforded the Plaintiffs' counsel with the necessary materials to fully and fairly evaluate their claims. Both counsel for the Plaintiff and for Defendants reviewed the records in depth and analyzed the laws and regulations applicable to the instant action to fairly evaluate the potential damages and likely defenses should the parties fail to reach a mutual agreement to resolve this suit.

II.    **The Negotiations**

In August 2017, the Court referred the case to Magistrate Judge William H. Baughman, Jr. for mediation. (ECF No. 12). The Court then scheduled the mediation to be conducted on November 1, 2017 (ECF No. 13). Pursuant to the mediation scheduling order, Plaintiffs were ordered to prepare a detailed settlement demand itemizing the Plaintiffs' individualized damages. *Id.* Defendants were then required to respond to that demand by October 18, 2017. *Id.* The

parties were further required to then prepare and serve confidential mediation statements and provide the same to the Magistrate Judge by October 25, 2017 before the November 1, 2017 mediation. *Id.*

On November 1, 2017, the Parties and their counsel traveled[2] to Cleveland for the mediation and began negotiating a resolution of this matter in earnest. The negotiations were ultimately successful, resulting in the Parties executing a settlement agreement and release, subject to approval by the Court pursuant to § 216(b). The Parties reached an agreement regarding the total settlement amount to be made available to the Plaintiffs, which will be submitted to the court under seal to maintain confidentiality of the terms therein. The parties jointly moved the Court to file the agreement under seal on December 1, 2017. (ECF No. 18). Upon approval or further order by the Court, the Confidential Settlement Agreement will be provided to the Court for review and therefore is not attached hereto.[3]

### III.    **The Court Should Approve the Settlement**

A court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness". *Lynn's Food Stores, Inc.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008).

Here, the settlement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiffs were represented by counsel, and the totality of the settlement is fair and reasonable. The settlement in this case was reached in

---

[2] Because both counsel for Plaintiffs and Defendants are based out of Columbus and the parties live in the surrounding areas, all parties traveled to Cleveland for the mediation.
[3] The instant joint motion will likewise not discuss the specific amounts of any of the payments provided for therein to maintain the confidentiality of the terms reached by the parties.

an adversarial proceeding after a full day of mediation, through arm's length negotiations between capable attorneys who have the necessary experience to protect the rights of the Parties in this matter. The Parties well understand that litigation is an inherently risky process, and the likelihood of success for either party is virtually unknown. The issues in this case were in dispute, and settlement was achieved with an understanding of the disputed claims.

Moreover, the settlement in this case is fair because it represents the potential value of Plaintiff's claim. The calculations used to determine the settlement amount were based upon the actual review of the Plaintiffs' wage and payroll records for each day and week worked during the applicable period. Further, the settlement achieved for the Plaintiffs greatly exceeds the amounts offered by the Department of Labor to the Plaintiffs after its investigation into Defendants' pay practices, which were (1) $119.40 in unpaid overtime for Plaintiff Gomez; (2) $440.90 in unpaid overtime for Plaintiff Hoffman; (3) $252.39 in unpaid overtime for Plaintiff Rutter; and (4) $685.66 in unpaid overtime for Plaintiff Sand.

In addition, as part of its fairness determination, the Court must also determine that the proposed attorneys' fees are reasonable. *See Strong v. Bellsouth Telecomms*., 137 F.3d 844, 849-50 (5th Cir. 1998); *see also Zoll v. Eastern Allamakee Cmty School Dist.*, 588 F.2d 246, 252 (8th Cir. 1978). The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."); *see also* O.R.C. § 4111.10(A) (liability includes paying "costs and reasonable attorney's fees as may be allowed by the court"). Indeed, "[a]n award of attorneys' fees under the FLSA is ***mandatory***, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3

(N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)).

The federal courts have long recognized the profound importance of plaintiff's right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein."). There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"). Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017, J. Graham) (in a small collective action case, the Court approved settlement of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller*

*Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time").[4]

As set forth above, Defendants have agreed to pay a reasonable amount to Plaintiff's counsel for their fees and costs as provided in the Settlement Agreement and general release submitted to the court under seal. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiff's counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provision.

IV.   **Conclusion**

For the reasons stated above, the Parties respectfully approve the settlement and dismiss this action with prejudice by entering the proposed order attached as Exhibit A.

---

[4] *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare,* 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc.,* 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc.,* 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers,* 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

Respectfully submitted,

_/s/ Matthew J.P. Coffman_
Mathew J.P. Coffman (0085586)
COFFMAN LEGAL, LLC
1457 S. High Street
Columbus, OH 43207
(614) 949-1181 Telephone
(614) 386-9964 Facsimile
mcoffman@mcoffmanlegal.com
_Counsel for Plaintiffs_

_/s/ Peter Contreras_
Peter Contreras (0087530)
CONTRERAS LAW, LLC
PO Box 215
Amlin, OH 43002
(614) 787-4878 Telephone
(614) 923-7369 Facsimile
peter.contreras@contreras@contrerasfirms.com
_Co-Counsel for Plaintiffs_


_/s/ Sharon Cason-Adams_
Sharon Cason-Adams (0067550)
ADAMS & LIMING, LLC
Rivers Edge Corporate Center
1335 Dublin Road, Ste. 1-4D
Columbus, Ohio 43215
(614) 488-2053 Telephone
(614) 488-2069 Facsimile
_Attorney for Defendants_

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically with the Court on this 1st day of December, 2017, via the Court's CM/ECF system, which will send electronic notification of the filing to al counsel of record.


*/s/ Peter Contreras*
Peter Contreras (0087530)